**Affirmed in Part, Reversed in Part, and Remanded, and Memorandum Majority Opinion and Memorandum Concurring Opinion filed October 29, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00879-CV

---

### PIONEER ENERGY SERVICES CORPORATION, Appellant

### V.

### BURLINGTON INSURANCE COMPANY AS SUBROGREE OF PREMIER COIL SOLUTIONS, INC., Appellee

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-12120**

---

## M E M O R A N D U M   C O N C U R R I N G   O P I N I O N

I concur in the judgment because (1) Premier was sued for negligence, (2) Premier properly pled a cause of action against Pioneer for breach of contract and contribution concerning indemnity for the negligence claim, (3) Pioneer presented (as opposed to waived) its defense concerning negligence to the trial court, and (4) Pioneer's non-waiver does not affect the disposition herein. I would

therefore affirm the trial court's grant of summary judgment with respect to Premier's claim concerning indemnity for negligence because the record reveals such claims were expressly presented, defended, and covered by the indemnity agreement.

Premier sued Pioneer seeking indemnity of a negligence claim and the majority's opinion recites the contents of the indemnity clause at issue. In the lawsuit giving rise to this secondary suit for breach of contract, Premier was sued for "gross negligence"; the petition included allegations concerning duty, breach, causation, and damages. The parties filed competing motions for summary judgment; Pioneer's motion was also contained within its response to Premier's motion and requested a traditional summary judgment on all of Plaintiff's claims for damages. The only claims for damages in the current lawsuit were for breach of contract and contribution relating to the initial lawsuit against Premier for negligence and strict liability. Pioneer (in its traditional motion for summary judgment) argued that the indemnity provision was ambiguous as to the underlying causes of action for negligence and strict liability. Therefore, Pioneer did not waive this defensive issue as a matter of law. *See, e.g., Stanley Russell Coleman v. Revak*, No. 01-07-00438-CV, 2008 WL 2466276, at *2 (Tex. App.—Houston [1st Dist.] June 19, 2008, no pet.) (mem. op.) ("merely identifying a theory of liability or defense" in a summary judgment motion sufficient to preserve issue); *see also Deutsche Bank Nat'l Trust Co. v. Stockdick Land Co.*, 367 S.W.3d 308, 332-33 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (Frost, C.J., dissenting) (with respect to grounds for summary judgment, "a concise identification of a liability theory or affirmative defense is sufficient to raise that theory of defense").

Premier's petition satisfies notice pleading standards. The record reveals Pioneer did not file any special exceptions and nothing about Premier's claim is

ambiguous. Without some ambiguity, there is no reason to analyze whether the indemnity clause covers "gross negligence" because it is not a cause of action recognized by Texas courts. *See Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[N]egligence and gross negligence are not separable causes of action but are inextricably intertwined.") (quoting *Ford Motor Co. v. Miles*, 967 S.W.2d 377, 390 (Tex. 1998) (Gonzalez, J., concurring)).

This case is (in relevant part) about negligence and an indemnity agreement that concerns negligence. "Gross negligence" is a standard which entitles plaintiffs to recover exemplary damages under the Damages Act. *See generally Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 917 (Tex. 1981) (tracking the development of gross negligence from the 1876 Texas Constitution); *see also Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 866 (Tex. 2017); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921-25 (Tex. 1998) (analyzing punitive damages via gross negligence); and Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (defining "gross negligence").

I disagree with the majority's conclusion that Pioneer needed to invoke "gross negligence" in order to properly present or preserve its defense because "gross negligence" is a standard of liability (not a separate cause of action). However, the outcome is unaffected because Premier would still prevail. Therefore, I concur in the majority's judgment.

/s/     Meagan Hassan
Justice

Panel consists of Justices Zimmerer, Spain, and Hassan (Spain, J., majority).

3